# N THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| SAMUEL GAINES, JR., | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:17-CV-474 (MTT) |
| Warden MARTY ALLEN, *et al.*, | ) |
| Defendants. | ) |

## ORDER

This case is presently before the Court on the Plaintiff's Motion for Reconsideration (Doc. 27) in which he requests that the Court reconsider and set aside the final order and judgment entered in this case on September 17, 2018 (Doc. 25). The Plaintiff has filed a motion "requesting favorable ruling," which the Court construes as a motion for reconsideration. *See McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222 (M.D. Ga. 1997) (citing Fed. R. Civ. P. 54(b)). Specifically, the Plaintiff has moved the Court to reconsider its order (Doc. 25) denying the Plaintiff's motion for hearing (Doc. 24) and adopting the Magistrate Judge's recommendation to dismiss his complaint for failure to state a claim (Doc. 20). Doc. 27.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law."

*Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga. 2010) (internal quotation marks and citation omitted). "[T]here must be a reason why the court should reconsider its prior decision, and [the moving party] must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Sussman v. Salem, Saxton & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). "[T]he [moving party] must do more than simply restate his prior arguments[.]" The Plaintiff has merely restated his former arguments in his motion for reconsideration, and he has not shown any newly discovered evidence, an intervening change in the law, or that the court made a clear error of law. Accordingly, the Plaintiff's motion for reconsideration (Doc. 27) is **DENIED**.

    **SO ORDERED** this 25th day of September, 2018.

                                              S/ Marc T. Treadwell
                                              MARC T. TREADWELL, JUDGE
                                              UNITED STATES DISTRICT COURT